UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ESTATE OF ALLAN PILSON and JOHN
PILSON,

                        Plaintiffs,                      17-cv-5311 (PKC)

       -against-                              MEMORANDUM
                                                           AND ORDER

LAURA MESSINA PILSON,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The two plaintiffs are the son and the estate of a decedent, Allan Pilson. They filed this action in the Supreme Court of the State of New York, New York County, on June 16, 2017. (Docket # 1.) They bring common-law claims of breach of contract, conversion and constructive trust against Allan Pilson's wife, Laura Messina Pilson. (Docket # 1.) Among other things, plaintiffs contend that Ms. Pilson breached agreements in which she promised to waive her beneficiary rights to Allan Pilson's 401(k) account.

        Defendant filed a Notice of Removal on July 13, 2017, asserting that plaintiffs' claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. (Docket # 1.) According to Ms. Pilson, because plaintiffs' claims implicate her purported waiver of beneficiary rights under a 401(k) account, the action can only be decided with reference to ERISA, which supersedes state laws related to employee benefit plans. (Notice of Removal ¶¶ 5-9.)

        Plaintiffs now move to remand this action. (Docket # 5.) For reasons that will be explained, the motion to remand is granted.

A removing defendant has the burden of showing subject matter jurisdiction. See, e.g., United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). "[T]he analysis of ERISA preemption must start with the presumption that 'Congress does not intend to supplant state law.'" Stevenson v. Bank of New York Co., 609 F.3d 56, 59 (2d Cir. 2010) (quoting Gerosa v. Savasta & Co., 329 F.3d 317, 323 (2d Cir. 2003)). However, where "Congress has clearly manifested an intent to make causes of action within the scope of [ERISA's] civil enforcement provisions," an action is removable, even if only common law claims are alleged. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987).

Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), established a two-prong test for determining whether a state-law claim is preempted by ERISA. Under the "Davila Test," ERISA preempts state law claims that are both "brought by an individual who, at some point in time, could have brought his claim under ERISA" and "involve no other independent duty that is implicated by a defendant's actions" beyond what ERISA requires. McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d 141, 145 (2d Cir. 2017) (alteration and quotation marks omitted).

Here, plaintiffs' claims implicate obligations that are wholly collateral to ERISA, and therefore are not subject to preemption. In Stevenson, the Second Circuit concluded that ERISA did not provide subject matter jurisdiction when the plaintiff's state-law claims involved promises "that reference[d] various benefit plans" but did not implicate "the propriety of an administrator's or employer's determination of benefits under such a plan." 609 F.3d at 60-61. There, plaintiff alleged that his employer had made a series of promises related to his benefit and pension plans, but then reneged and terminated his employment. Id. at 58. Defendant removed

on grounds of ERISA preemption.  Id.  The Second Circuit concluded that while plaintiff's claims "derive[d] from a promise" related to ERISA plans, the claims "do not allege that any plan administrator or employer breached a fiduciary duty or plan provision relating to the [disputed] plans."  Id. at 60-61.  "Second, none of Stevenson's state law causes of action purport to require a plan administrator, employer, or beneficiary to follow a standard inconsistent with those provided by ERISA."  Id.  "Because Stevenson's suit neither interferes with the relationships among core ERISA entities nor tends to control or supersede their functions, it poses no danger of undermining the uniformity of the administration of benefits that is ERISA's key concern."  Id.; see also McCulloch, 857 F.3d at 150 (plaintiff's claim sounds in promissory estoppel rather than ERISA because it "arises not from an alleged violation of some right contained in the plan, but rather from a freestanding state-law duty grounded in conceptions of equity and fairness"); Liberty Mut. Ins. Co. v. Donegan, 746 F.3d 497, 507 (2d Cir. 2014) (the "'basic purpose' of ERISA preemption is to 'avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans'") (quoting Romney v. Lin, 94 F.3d 74, 80 (2d Cir. 1996)); Wurtz v. Rawlings Co., 761 F.3d 232 (2d Cir. 2014) (state-law claim not preempted because "the terms of plaintiffs' ERISA plans are irrelevant to their claims").

Plaintiffs' claims do not implicate the administration of an ERISA plan, the relationships of core ERISA entities or the uniformity of ERISA benefits.  They instead turn on separate and independent promises made in a prenuptial agreement and what the plaintiffs describe as a "quid pro quo" agreement between Allan Pilson and the defendant.  More specifically, the Complaint alleges that in a prenuptial agreement, defendant waived and disclaimed interest in Allan Pilson's retirement plans and agreed to execute all documents necessary to effectuate her waiver.  (Compl't ¶¶ 15-16.)  In or around 2016, prior to Allan

Pilson's death, it was discovered that defendant had not signed such a waiver. (Compl't ¶¶ 17-19.) According to the Complaint, Allan Pilson told his financial advisors that defendant would sign a waiver and that plaintiff John Pilson would receive all proceeds from the 401(k) account. (Compl't ¶ 21.) Such an arrangement allegedly was part of a "quid pro quo" arrangement by which defendant would forego interest in the 401(k) account and receive other assets instead. (Compl't ¶¶ 21-24.) Defendant and Allan Pilson allegedly signed a waiver of defendant's interest in the 401(k) account, but it was then discovered to have been in an incorrect form, and the purportedly correct form was not executed prior to Allan Pilson's death. (Compl't ¶¶ 22-33.) According to the Complaint, the defendant has claimed that Allan Pilson decided shortly before his death that she should be the beneficiary of the 401(k) account, an assertion that plaintiffs dispute. (Compl't ¶¶ 48-50.)

Although the Complaint mentions administration of the 401(k) plan, it does so in passing, noting that the plan administrator alerted Allan Pilson to paperwork deficiencies and discussed them with the defendant, and that the administrator has not transferred any 401(k) assets in light of the parties' dispute. (Compl't ¶¶ 26, 30, 32, 37, 39.) The Complaint does not allege or imply that the administrator has acted inconsistent with ERISA or a benefits plan. See Stevenson, 609 F.3d at 61.

Plaintiffs' four causes of action are directed toward the defendants' obligations under a prenuptial agreement and the so-called "quid pro quo" arrangement. (Compl't ¶¶ 52-76.) These collateral agreements do not implicate the terms or administration of the 401(k) plan or any other federal interest under ERISA. As the removing party invoking federal subject matter jurisdiction, defendant has failed to show that plaintiffs' claims implicate "the propriety of an

administrator's or employer's determination of benefits" under an ERISA plan.  Stevenson, 609 F.3d at 61.  Plaintiffs' motion to remand is therefore granted.

Plaintiffs separately seek an award of attorneys' fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Although, as plaintiffs note, defendant's removal appears to have been premised on authorities that were impliedly abrogated by Davila and its progeny, removal was not objectively unreasonable because the disputed 401(k) plan has at least some nexus to ERISA, even if this action turns on collateral, non-ERISA issues.  Because removal was not objectively unreasonable, the application for attorneys' fees is denied.

CONCLUSION.

Plaintiffs' motion for remand to the New York Supreme Court, New York County is GRANTED and their application for attorneys' fees is DENIED.  (Docket # 5.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
August 18, 2017